**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| In re: Kenneth M. Mullins and Terri L. Mullins | : | Case No. | 14-57870 |
| | : | Chapter 13 | |
| | : | Judge | Charles M. Caldwell |
| Debtor(s) | | | |

# CHAPTER 13 PLAN

**NOTE**: The term "Debtor" as used throughout this Plan shall reference either a single debtor or joint debtors. The term "Plan" shall refer to the plan filed in this case, as it may be amended, using the mandatory form plan adopted in this Division. All references to section (§) numbers are to sections of the United States Bankruptcy Code, 11 U.S.C. section § 101, et seq. The term "BR" shall refer to the Federal Rules of Bankruptcy Procedure. The term "LBR" shall refer to the Local Bankruptcy Rules of the Southern District of Ohio.

☒ Amended Plan

All pre-confirmation amendments to an original Mandatory Form Plan shall be accomplished by filing a complete Plan with the changes highlighted or reflected in bold or italic typeface.

| | Insolvent unless otherwise marked below: | Dividend to unsecured creditors: |
|---|---|---|
| ☐ Above Median Income<br>☒ Below Median Income | ☐ Solvent Estate | 2.00 % |

Debtor claims to be eligible for discharge under § 1328(f) unless otherwise marked below:
☐ Debtor is not eligible for discharge under § 1328(f)
☐ Joint Debtor is not eligible for discharge under § 1328(f)

Debtor
(1) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on  November 10, 2014
**OR**
(2) converted this case to a case under Chapter 13 on _____ ("Petition Date").

MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012

A.   PAYMENTS

    A(1).   Plan Payments.

    The future earnings of Debtor are submitted to the supervision and control of the Trustee. Debtor shall pay the Trustee the sum of $ __1,098.00__ per month (enter all step-payments), for a period not to exceed sixty months. Debtor shall commence payments within thirty days of the Petition Date, and distributions shall begin upon confirmation pursuant to § 1326(a). The effective date of the Plan shall be the date of entry of an order confirming the Plan.

    From the payments so received, the Trustee shall make disbursements, subject to the Trustee's fee. The disbursement schedule is dependent upon receipt of regular monthly Plan payments. Any increases to monthly mortgage or escrow payments without corresponding changes to the Plan payment may impact the disbursement schedule. The Trustee has the discretion to calculate the amount and timing of distributions as is administratively efficient.

    A(2).   Pre-Confirmation Adequate Protection Payments/Lease Payments.

    The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee, subject to his full fees, to the creditors listed below. Except as provided by § 501(c), secured creditors must file a proof of claim to receive payment. Unless otherwise ordered by the Court, these payments will be retained by the Trustee until confirmation and distributed after confirmation. If the case is dismissed or converted prior to confirmation, the Trustee will distribute the retained payments, pro rata, based on the adequate protection payment amounts.

| Creditor | Property Description | Monthly Adequate Protection Payment |
|---|---|---|
| *GM Financial | 2004 Dodge Ram | $50.00 |
| *Eagle Loan Company of Ohio, Inc. | 2000 Ford Focus | $50.00 |

    A(3). Administrative Expenses, Attorney Fees, and § 1326 (b) Priority Payments.

    Administrative expenses, unitemized attorney fees, itemized attorney fees under LBR 2016-1(b)(2)(B), and priority payments as required by § 1326(b) shall be paid concurrently with Class 2 claims. The total unitemized attorney fee for services (not to exceed the amount set forth in LBR 2016-1(b)(2)(A)), or the estimated itemized fee under LBR 2016-1(b)(2)(B) is $ __3,500.00__ .

Debtor's attorney received $ __200.00__ prior to the Petition Date. The Trustee shall disburse a minimum monthly amount of $ __300.00__ to Debtor's attorney until the balance of

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

$ __3,300.00__ is paid in full. Fees for independent appraisals of real estate and utility deposits will be paid as administrative expenses pursuant to § 503 upon the timely filing of a proof of claim. The Trustee may pay in one lump sum any administrative claim that is less than $500.00.

B. **CLASS 1—CLAIMS SECURED BY REAL PROPERTY**

Except as set forth in section B(3), all secured creditors secured only by a security interest in real property shall retain their liens until the later of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law.

**B(1).** **Mortgage Payments Outside the Plan.**

Regular monthly payments on the following mortgage claims will be paid directly by Debtor, if direct payments are permitted by LBR 3015-1(d)(1):

| Creditor | Property Address |
|---|---|
|  |  |

**B(2).** **Conduit Mortgage Payments.**

Regular mortgage payments on the following mortgage claims will be paid on a conduit basis by the Trustee, subject to his full fees, beginning with the first calendar month after the Petition Date, if conduit payments are required by LBR 3015-1(d)(1) or proposed by Debtor. Confirmation of the Plan shall impose an affirmative duty and legal obligation on the holders and/or servicers of mortgage claims to do all of the following, unless the case is dismissed or converted:

    (a)    Apply the post-petition conduit mortgage payments as post-petition monthly payments of principal and interest on the mortgage note, and, if applicable, as post-petition monthly payments of escrowed items such as insurance and/or real estate taxes. If such payments are placed into a suspense, forbearance or similar account, they will be deemed to have been applied pursuant to this subsection.

    (b)    Apply the payments received from the Trustee for payment on the arrearage, if any, only to such arrearage. The arrearage shall be deemed paid in full upon the entry of the discharge order in this case, unless otherwise ordered by the Court

    (c)    Deem the pre-petition arrearage contractually current upon confirmation of the Plan so as to preclude the imposition of late payment charges or other default-related fees and services.

    (d)    File and serve a Notice of Mortgage Payment Change on Official Form 10S1, within the deadline and in compliance with the service requirements set forth in BR 3002.1(b), to reflect any changes in the monthly mortgage payments or escrow amounts that occur during the term of the Plan. Upon the filing of a Notice of Mortgage Payment Change, the Plan shall be deemed modified to permit the Trustee to disburse the amended payment amount.

| Creditor | Property Address | Monthly Conduit Mortgage Payment |
|---|---|---|
| Ocwen Loan Servicing, LLC | 3260 Bluhm Court | $642.86 |

**B(3).** **Liens and/or Mortgages to be Paid as Unsecured Claims.**

The following claims secured by a lien and/or mortgage will be paid as unsecured claims concurrent with Class 5 general unsecured claims. Debtor shall file a separate motion or adversary proceeding to determine: (i) whether the property listed below vests free and clear of the lien(s) and/or mortgage(s) pursuant to § 1327 or (ii) whether the lien(s) and/or mortgage(s) listed below may be avoided pursuant to other applicable provisions of the Bankruptcy Code. Notwithstanding § 1327(a), confirmation of the Plan shall not be dispositive of: (i) the valuation of the collateral or (ii) the secured status of the claims. Debtor has standing and authority to file the motion or adversary proceeding; to the extent that the Trustee has standing to bring such action, standing is hereby assigned to Debtor.

| Creditor | Property Address |
|---|---|
| Ohio Homeowner Assistance LLC | 3260 Bluhm Court Columbus, OH 43223-3550 |
| Ohio State Department of Taxation | 3260 Bluhm Court Columbus, OH 43223-2550 |
| | |

**B(4).** **Liens and/or Mortgages Which May Be Modified.**

Liens and/or mortgage claims listed in this subsection consist of any claims secured by real property *that is not the Debtor's principal residence* or secured by other assets in addition to the residence. To the extent the claim of the lien holder and/or the mortgage claim holder is in excess of the value of the estate's interest in the collateral, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the real property shall be valued for purposes of § 506 as set forth by Debtor below.

| Creditor | Property Address | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|
| | | | | |

**B(5).   Real Property to be Surrendered.**

(a)   Debtor will surrender the following real property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim.

| Creditor | Property Address |
|---|---|
|  |  |

(b)   The Trustee shall not pay any claims secured by this real property until a timely filed secured proof of claim is amended to set forth the unsecured deficiency balance after disposition of the real property. Such amendments shall be filed no later than 365 days after confirmation of the Plan; amendments filed after that date shall be deemed disallowed and subject to discharge under § 1328 unless otherwise ordered by the Court. The Trustee will make no distributions in respect of mortgage payments, mortgage arrearages, or real estate taxes on surrendered real property, unless otherwise provided in the Plan or by order of the Court.

(c)   Upon confirmation of the Plan, the automatic stay of § 362 shall be deemed modified to allow *in rem disposition* of the real property as necessary to effect the surrender.

NOTE: If, at any time after confirmation, sufficient funds are not available to make a full monthly payment on all Class 1 claims, at the Trustee's discretion, the available funds will be distributed pro rata on Class 1 claims. Any post-petition mortgage arrearages will be paid prior to payment of Class 2 claims.

**C.   CLASS 2—CLAIMS SECURED BY PERSONAL PROPERTY; UNEXPIRED LEASES**

**C(1).   Lien Retention and Interest.**

All secured creditors secured only by a security interest in personal property shall retain their liens until the earlier of issuance of a discharge or payment of the underlying debt as determined under non-bankruptcy law. Unless otherwise stipulated or provided for below, secured creditors shall be paid interest at the rate of __5.00__ %.

**C(2).   To Be Paid in Full (i.e., § 506 Does Not Apply).**

The Trustee shall pay the following claims in full:

| Creditor | Property Description | Purchase Date | Estimated Claim Amount | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**C(3). Claims to Which § 506 Applies.**

Claims listed in this subsection consist of any claims secured by personal property not described above. To the extent a secured creditor's claim is in excess of the collateral value, the balance shall be treated as a Class 5 general unsecured claim. Unless otherwise stipulated or determined by order of the Court, the personal property shall be valued for purposes of § 506 at the lower of the creditor's valuation set forth on its proof of claim or the valuation set forth by Debtor below:

| Creditor | Property Description | Purchase Date | Value of Collateral | Interest Rate | Minimum Monthly Payment |
|---|---|---|---|---|---|
| GM Finanical | 2004 Dodge Ram | 11/17/2011 | $10,000.00 | 5.00% | $50.00 |
| Eagle Loan Company of Ohio | 2000 Ford Focus | Jul 2, 2014 | $200.00 | 5.00% | $50.00 |

**C(4). Personal Property to be Surrendered**

Debtor will surrender the following property and any resulting deficiency balance shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

**C(5). Executory Contracts and Vehicle Leases.**

(a) Debtor rejects the following executory contract(s) and/or vehicle lease(s) and any resulting claim shall be treated as a Class 5 general unsecured claim:

| Creditor | Property Description |
|---|---|
|  |  |

(b) Debtor assumes the executory contract(s) and/or vehicle lease(s) listed below The Trustee shall pay vehicle lease payments unless otherwise ordered by the Court. Debtor shall pay all other lease or executory contract payments unless otherwise specified below. All payments under this section will begin the first calendar month following the Petition Date.

| Creditor | Property Description | Termination Date | Monthly Payment Amount To be Paid Directly by Debtor | Monthly Payment Amount To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

**NOTE**: If at any time after confirmation sufficient funds are not available to make a full monthly payment on all Class 2 claims, at the Trustee's discretion, the available funds will be paid pro rata on Class 2 claims and administrative expense claims.

**D.     CLASS 3—PRIORITY CLAIMS AND DOMESTIC SUPPORT OBLIGATIONS**

   **D(1).   Priority Claims.**

   Class 3 claims will be paid pro rata and concurrently with Class 4 claims. All allowed claims entitled to priority under § 507(a) shall be paid in full unless: (i) otherwise provided for in § 1322(a), or (ii) the holder of a particular claim agrees to a different treatment of its claim. Any and all pre-petition penalties, and post-petition penalties and interest, that have accrued or will accrue on any such claims shall be treated as Class 5 general unsecured claims and shall not be entitled to priority.

   **D(2).   Domestic Support Obligations.**

       (a)   Domestic support obligations (DSOs) are defined in § 101(14A). Debtor shall pay all post-petition DSOs directly to the DSO creditor and not through the Trustee. Upon completion of the Plan, Debtor shall certify to the Court that all payments on post-petition DSOs have been made. If Debtor becomes subject to a DSO during the term of the Plan, Debtor shall file with the Court and serve on the Trustee a notice reflecting the nature of the DSO, and the name and address of the DSO creditor.

Pre-petition arrearages on DSOs shall be paid as follows:

| Name of DSO Creditor | Name & Address of CSEA | Estimated Arrearage Amount, if any, to be Paid Directly by Debtor | Estimated Arrearage Amount, if any, to be Paid by Trustee |
|---|---|---|---|
|  |  |  |  |

       (b)   Name of governmental unit to which a DSO has been assigned, or is owed, or is recoverable by, and the estimated amount of the DSO:

| Creditor | Governmental Unit | Estimated DSO Amount | To be Paid Directly by Debtor | To be Paid by Trustee |
|---|---|---|---|---|
|  |  |  |  |  |

E.    **CLASS 4—SECURED CLAIMS NOT OTHERWISE DESIGNATED**

   **E(1).    Payment of Class 4 Claims.**

   Class 4 claims including itemized post-confirmation attorney fees per LBR 2016-1(c), pre-petition mortgage arrearages, pre-petition and post-petition lease arrearages, real estate taxes and other secured claims not otherwise designated shall be paid pro rata, concurrently and in full with Class 3 claims.

   **NOTE**: No interest shall be paid on any pre-petition mortgage arrearages as part of the cure of the default if the mortgage was executed after October 22, 1994.

   **E(2).    Pre-Petition Arrearages on Real Estate Mortgage(s).**

   The Trustee shall distribute payments to cure the following pre-petition mortgage arrearages:

| Creditor | Property Address | Estimated Arrearage Amount |
|---|---|---|
| Ocwen Loan Servicing, LLC | 3260 Bluhm Court Columbus, OH 43223-3550 | $5,404.41 |

   **E(3).    Arrearages on Assumed Leases and Executory Contracts.**

   The Trustee shall distribute payments to cure the following arrearages on assumed leases and/or executory contracts:

| Creditor | Property Address/Description | Estimated Arrearage Amount |
|---|---|---|
|  |  |  |

F.    **CLASS 5—GENERAL UNSECURED CLAIMS**

   **F(1).    Unsecured Dividend.**

   After payment of allowed claims in Classes 1, 2, 3 and 4, allowed general unsecured claims shall be paid a dividend as provided on page one of the Plan.

   Notwithstanding the expiration of the claims bar date, the Trustee is authorized to modify the Plan post-confirmation to ensure that plan length meets the "applicable commitment period" provided by § 1325(b) by filing a motion with the Court.

   **F(2).    Solvency.**

   If this is a solvent estate, all general unsecured claims shall be paid in full with interest at ___5.00___ %, unless otherwise provided.

### G. MISCELLANEOUS PROVISIONS

#### G(1). Co-Debtor Claims not Otherwise Provided for in the Plan.

(a) The following co-debtor claims will be paid in full by the Trustee concurrently with Class 4 claims to protect the co-debtor:

| Creditor | To be Paid in Full with Interest at Rate Specified Below | Minimum Monthly Payment, if Applicable |
|---|---|---|
|  |  |  |

(b) The following co-debtor claims will be paid as follows:

| Creditor | To be Paid by Co-Debtor Outside the Plan | To be Paid Same Dividend as General Unsecured Claims |
|---|---|---|
|  |  |  |

#### G(2). Sale of Property.

Debtor proposes to sell the real or personal property described below following Trustee and/or Court approval as required by LBR 6004-1(c)–(d). Debtor shall commit the net proceeds as follows:

| Property Address/ Description | Date by Which Sale Shall be Completed | Estimated Net Proceeds | Disposition of Net Proceeds |
|---|---|---|---|
|  |  |  |  |

#### G(3). Tax Returns.

All required tax returns have been filed except as provided below:

| Tax Agency | Type of Tax | Tax Period | Date Return will be Filed |
|---|---|---|---|
|  |  |  |  |

### G(4). Vesting.

Unless marked below, confirmation of the Plan vests all property of the estate in Debtor free and clear of any claim or interest of any creditor provided for by the Plan pursuant to § 1327(b) and (c).

☒ Property of the estate shall not vest in Debtor upon confirmation but shall remain property of the estate until the case is dismissed, converted, or a discharge is issued, whichever occurs first.

### G(5). Other Events.

If any of the following occurs, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Trustee and/or Court:

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, employment claim, workers' compensation claim, unemployment claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

### G(6). Insurance Information.

As of the Petition Date, Debtor's property is insured as follows:

| Property Address/ Description | Insurance Company | Policy Number | Full/Liability | Agent and Contact Information |
|---|---|---|---|---|
| 3260 Bluhm Ct. Columbus, OH 43223-3550 | American Family Insurance | 34DL-7240-01-42-PHGS-OH | Full | Yelena Uchiteleva Agency LLC 614-235-1702 |
| 2004 Dodge Ram 1500 | State Farm | 862-3093-E07-34 | Full | Patty Stewart 614-875-2563 |
| 2000 Ford Focus | State Farm | 862-3094-E07-35 | Full | Patty Stewart 614-875-2563 |

**G(7).   Casualty Loss Insurance Proceeds (Substitution of Collateral).**

If a motor vehicle is substantially damaged while subject to an unpaid secured claim, Debtor shall have the option, upon the filing of an appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to: (i) repair the vehicle, (ii) pay off the balance of the secured claim if the secured creditor is a named loss payee on the policy, or (iii) substitute the collateral by purchasing a replacement vehicle.  If Debtor purchases a replacement vehicle, the vehicle shall have a value not less than the balance of the unpaid secured claim, the lien of the creditor shall be transferred to the replacement vehicle, and the Trustee will continue to pay the allowed secured claim.  Debtor may not purchase a replacement vehicle without Trustee and/or Court approval as required by LBR 4001-3(b)–(d).

**G(8).   Post-Petition Debt.**

Debtor shall not incur any non-emergency consumer debt in excess of $1,000 without Trustee and/or Court approval. LBR 4001-3(b)–(d).

**H.   SPECIAL PROVISIONS**

The Special Provisions listed below, if any, are restricted to those items applicable to Debtor's particular circumstances.

**NOTE**: Special Provisions shall **NOT** contain a restatement of provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules, nor shall this section contain boilerplate language regarding the treatment of mortgages, mortgage arrearages, proofs of claim, consumer protection provisions or the like. *See* General Order No. 7.

| Special Provisions: | |
|---|---|
| 1. | Debtor(s) shall make plan payments in the amount set forth in this Plan for no less than the applicable commitment period, but not to exceed 60 months.  The dividend to be paid to unsecured creditors shall be no less than the dividend set forth on the page one of the plan. |
| 2. | *GM Financial shall be paid at $50.00 per month for 11 months, then at $200.00 for 20 months, then at $300.00 until paid in full. |
| 3. | Eagle Loan payment for the Playstation 3, 42 Inch Phillips Television, Dell Desktop Computer, Samsung Laptop Computer, DVD Player and Printer shall be paid as a Class 5 general unsecured claim pursuant to 11 U.S. Section 522 (f) avoiding a nonpossessory, nonpurchase-money security interest in household goods. |

The undersigned hereby certify(ies) that the Plan does not contain any alterations to the text of the Mandatory Form Plan, except as authorized by order of the Court.

| Case Attorney: |
|---|
| /s/ Andrew Yiangou |

Dated:           February 6, 2015

**MANDATORY FORM PLAN (10/01/2010) Revised 04/01/2012**

| **Debtor** | | **Joint Debtor** | |
|---|---|---|---|
| /s/ Kenneth M. Mullins | | /s/ Terri L. Mullins | |

Dated:   February 6, 2015          Dated:   February 6, 2015

## **RIGHT TO RESPOND WITHIN TWENTY ONE  (21) DAYS**

The Debtor has filed papers with the Court to grant the approval of the attached Amended Chapter 13 Plan

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult with one.)

If you do not want the Court to grant the Amended Chapter 13 Plan, or if you want the Court to consider your views on the Amended Chapter 13 Plan, then or before twenty one (21) days from the date of the mailing of this Notice, you or your attorney must:

File with the Court a written request for hearing and an objection to the Amended Chapter 13 Plan stating therein the basis for your objection. This pleading must be filed with the Clerk of Courts, United States Bankruptcy Court, 170 N. High Street, Columbus, OH 43215. If you mail your response to the Court for filing you must mail it early enough so the Court will *receive* it on or before the date stated above.

**You must also mail a copy to:**
ALL CREDITORS LISTED ON ATTACHED EXHIBIT "A"

ANDREW YIANGOU
ATTORNEY FOR DEBTOR
3099 SULLIVANT AVENUE
COLUMBUS, OH 43204

OFFICE OF THE US TRUSTEE
170 N. HIGH STREET, SUITE 200
COLUMBUS, OH 43215

FRANK M. PEES
130 E WILSON BRIDGE RD
SUITE 200
WORTHINGTON, OH 43085

DEBTORS
KENNETH AND TERRI MULLINS
3260 BLUHM COURT
COLUMBUS, OH 43223

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Amended Chapter 13 Plan and may enter an Order granting the Amended Chapter 13 Plan.

## **CERTIFICATE OF SERVICE AND NOTICE OF**

The undersigned hereby certifies that a copy of the foregoing was served by electronic filing or via first-class mail, postage prepaid, on the 6th day of February, 2015, on the parties whose names and addresses are set forth below.

**Respectfully submitted,**

/s/ Andrew Yiangou
**Andrew Yiangou** OH Supr Crt No. 0056146
*Attorney for Debtor(s)*
3099 Sullivant Avenue
Columbus, Ohio 43204
Tel:  (614) 279-8276
Fax: (614)  308-0613
bankruptcy@byattorneys.com

Served Electronically

- Asst US Trustee (Col)      ustpregion09.cb.ecf@usdoj.gov
- Frank M Pees     trustee@ch13.org
- Martha R Spaner     ohbk@rslegal.com, rsbkecfbackup@gmail.com;reisenfeld@ecf.inforuptcy.com

Served Via Mail

AmeriCredit Financial Services, Inc.
P O Box 183853
Arlington, TX 76096

ALL PARTIES LISTED ON EXHIBIT "A"

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0648-2<br>Case 2:14-bk-57870<br>Southern District of Ohio<br>Columbus<br>Fri Feb  6 12:11:25 EST 2015 | AT & T<br>c/o Enhanced Recovery Co L<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256-7412 | AT&T U-verse<br>c/o Afni<br>1310 Martin Luther King Dr., PO Box 3517<br>Bloomington, IL 61702-3517 |
| Allied Interstate<br>PO Box 1954<br>Southgate, MI 48195-0954 | (p)AMERICREDIT<br>PO BOX 183853<br>ARLINGTON TX 76096-3853 | Asst US Trustee (Col)<br>Office of the US Trustee<br>170 North High Street<br>Suite 200<br>Columbus, OH 43215-2417 |
| Care Partner 36 Tuttle<br>c/o First Federal Credit C<br>24700 Chagrin Blvd., Ste 2<br>Beachwood, OH 44122-5647 | (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | (p)CHOICE RECOVERY INC<br>1550 OLD HENDERSON ROAD<br>STE 100<br>COLUMBUS OH 43220-3662 |
| Columbus Driving Academy<br>6430 E. Main St.<br>Reynoldsburg, OH 43068-2365 | Columbus Radiology<br>c/o Choice Recovery<br>1550 Old Henderson Rd.<br>Columbus, OH 43220-3626 | Comnwlth Fin<br>245 Main Street<br>Scranton, PA 18519-1641 |
| Credit Coll<br>PO Box 9134<br>Needham Heights, MA 02494-9134 | Credit Managment<br>PO Box 118288<br>Carrollton, TX 75011-8288 | Eagle Loan Company of Ohio<br>2471 Hilliard-Rome Rd.<br>Hilliard, OH 43026-8194 |
| Emergency Services Inc<br>8 Oak Park Drive<br>Bedford, MA 01730-1414 | Enhanced Recovery Co L<br>8014 Bayberry Rd.<br>Jacksonville, FL 32256-7412 | FABCO<br>PO Box 20850<br>Columbus, OH 43220-0850 |
| FABCO/Oakwood Management Corporation<br>FABCO<br>PO Box 20850<br>Columbus, OH 43220-0850 | FMS<br>PO Box 707600<br>Tulsa, OK 74170-7600 | Federal Adjustment Bureau<br>4640 Executive Drive<br>Columbus, OH 43220-3602 |
| Fifth Thrid Bank<br>c/o AlliedInterstate<br>PO Box 4000<br>Warrenton, VA 20188-4000 | First Federal Credit C<br>24700 Chagren Blvd., Ste2<br>Beachwood, OH 44122-5662 | First Premier Bank<br>601 S Minnesota Ave<br>Sioux Falls, SD 57104-4868 |
| Geico<br>One Geico Plaza<br>Bethesda, MD 20810-0001 | Gm Financial<br>Po Box 181145<br>Arlington, TX 76096-1145 | Grant Medical Center<br>PO Box 182140<br>Columbus, OH 43218-2140 |
| Grant Riverside Medical Care Found<br>L3061<br>Columbus, OH 43260-3061 | I.C. Systems Inc.<br>444 Highway 96 East<br>PO Box 64887<br>Saint Paul, MN 55164-0887 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 |

JP Morgan Chase Bank, N.A.
c/o I.C. System, Inc.
444 Highway 96 East, P.O. Box 64887
Saint Paul, MN 55164-0887

Johnstone Columbus
700 Parkwood Ave.
Columbus, OH 43219-2518

Jprecovery
20220 Center Ridge
Rocky River, OH 44116-3501

MID-OHIO EMERGENCY SERVICES LLC
PO Box 12907
Norfolk VA 23541-0907

Meade & Assocaites Inc
737 Enterprise Dr.
Westerville, OH 43081-8850

Meade & Associates
737 Enterprise Drive
Westerville, OH 43081-8841

Mid-Ohio Emerg Svcs LLC
PO Box 635095
Cincinnati, OH 45263-5095

Kenneth M. Mullins
3260 Bluhm Court
Columbus, OH 43223-3550

Terri L. Mullins
3260 Bluhm Court
Columbus, OH 43223-3550

OHMSF/Grant Hospital Medical S
c/o Meade & Associates
737 Enterprise Dr
Westerville, OH 43081-8850

Oakwood Management
6950-A Americana Parkway
Lancaster, OH 43130

Ocwen
PO Box 24738
West Palm Beach, FL 33416-4738

Ohio Dept of Job & Family Services
Litigation Unit - Unemp Comp
PO Box 182404
Columbus, OH 43218-2404

Ohio Homeowner Assistance LLC
88 East Broad St., Ste 1800
Columbus, OH 43215-3526

Ohio State Dept. of Taxation
150 E. Gay St.
21st Floor
Columbus, OH 43215-3191

OhioHealth
5350 Frantz Rd.
Dublin, OH 43016-4259

OhioHealth Heart and Vascular Phys
5350 Frantz Rd.
Attn:  OPG Billing
Dublin, OH 43016-4259

OhioHealth Physician Group Inc.
L3061
Columbus, OH 43260-3061

OhioHeath Endocrinology Physician
5350 Frantz Rd.
Attn:  OPG Billing
Dublin, OH 43016-4259

OhioHeath Physician Group
5350 Frantz Rd.
Attn:  OPG Billing
Dublin, OH 43016-4259

Ohiohealth Neurological Physicians
5350 Frantz Rd
Dublin, OH 43016-4259

Pcb
737 Enterprise Dr.
Westerville, OH 43081-8850

Frank M Pees
130 East Wilson Bridge Road
Suite 200
Worthington, OH 43085-2391

Progressive Insurance Company
c/o Credit Collections Srv.
P O Box 9134
Needham Heights, MA 02494-9134

Quantum3 Group LLC as agent for
ACE Cash Express INC
PO Box 788
Kirkland, WA  98083-0788

Riverside Methodist Hospital
PO Box 182141
Columbus, OH 43218-2141

Riverside Methodist Hospital
c/o Meade & Associates
737 Enterprise Dr.
Westerville, OH 43081-8850

Riverside Radiology & Interventional Ass
PO Box 182268
Columbus, OH 43218-2268

Martha R Spaner
Reisenfeld & Associates LPA, LLC
3962 Red Bank Rd
Cincinnati, OH 45227-3408

The Huntington National Bank
PO Box 9716
Columbus, OH 43209-0716

```
WOW Interest & Cable Service          Wow Internet Cable Phone              Andrew Yiangou
c/o Credit Management                 PO Box 5715                           3099 Sullivant Avenue
PO Box 118288                         Carol Stream, IL 60197-5715           Columbus, OH 43204-1897
Carrollton, TX 75011-8288
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
AmeriCredit Financial Services, Inc.  (d)AmeriCredit Financial Services, Inc.  Checksmart
P O Box 183853                        P O Box 183853                            c o Jefferson Capital Systems LLC
Arlington, TX 76096                   Arlington, TX 76096                       Po Box 7999
                                                                                Saint Cloud Mn 56302-9617


Choice Recovery                       Internal Revenue Serivce                  (d)Jefferson Capital Systems, LLC
1550 Old Henderson Rd.                Department of the Treasury                16 McLeland Rd.
Columbus, OH 43220                    Kansas City, MO 64999-0010                Saint Cloud, MN 56303
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Ocwen Loan Servicing, LLC          End of Label Matrix
                                      Mailable recipients    62
                                      Bypassed recipients     1
                                      Total                  63
```